HENRY A. TREADWELL

v.

JOHN McEWEN ET AL.

*Fraudulent Conveyance—Creditor's Bill—Evidence.*

Upon a creditor's bill to set aside a conveyance, by a judgment debtor to his son, as fraudulent, this court holds that the evidence supports the decree of the court below, ordering the deed set aside and the land sold to pay certain judgments.

[Opinion filed May 27, 1887.]

APPEAL from the Circuit Court of Kane County; the Hon. ISAAC G. WILSON, Judge, presiding.

Messrs. JOHN A. RUSSELL and SHERWOOD & JONES, for appellant.

Messrs. BOTSFORD & WAYNE, for appellees.

LACEY, J. This was a creditor's bill brought by appellee against appellant and his father, John M. Treadwell *et al.*, to set aside a conveyance of certain real estate being a farm of 149 acres made by John M. to his son, the appellant, for fraud, and to subject the land to the payment of judgments against the said John M. Treadwell in favor of John McEwen for $651.62, and one in favor of James McEwen for the sum of $522.49 and costs, date of judgments being May 3, 1883.

The allegations are that the conveyance was made in fraud of those creditors' rights and void. The court below decreed the relief and ordered the deed set aside as to said judgments and ordered the land sold to pay them. The entire question hinges on the weight of the evidence as to the fraudulent in-

tent of John M. Treadwell and the appellee and more especially the latter; for as the fraudulent intent of the father there can not be much doubt. It seems that John M. Treadwell and Samuel McEwen on August 4, 1874, became security on the executor's bond of Samuel McEwen, executor of the estate of Elizabeth McEwen, deceased, and that afterward, on the 19th of June, 1878, the County Court ordered the executor, Samuel McEwen, to pay the distributive shares of James and John McEwen, and the same not being paid, the said John M. Treadwell, with the executor, was sued on the executor's bond to recover said distributive shares and judgments recovered as above stated.

March 12, 1877, said John M. and Ann, his wife, executed to appellant a quit claim deed for his home farm in the township of Elgin containing 167 acres and 47-100 of an acre, except the right of way of the C. & N. W. R. W. Co. and two other pieces containing four acres. The consideration expressed was one dollar subject to mortgages of $6,000 principal. There is considerable conflict in the evidence in regard to the value of the farm, ranging from $60 to $90 per acre. The amount appellant claims to have paid for the land was $63 per acre by way of assuming his father's debts and paying his father's and mother's portions of the purchase money. We are unable from the evidence with positiveness to find what the value of the farm was in 1877, when sold to appellant, but think that the preponderance of the evidence shows it to have been worth from $10 to $15 per acre more than what appellant was to give for it. There is no doubt that the father intended to defraud the appellees out of their claim against the estate of Elizabeth McEwen by putting all his property out of his hands, for he had threatened to do so before the conveyance was made. He followed this threat up by deeding all his personal property and stock on the farm and everything else, to the value of $1,900, to his son, a young unmarried man living with him on the place, only twenty-three years of age, who was without any substantial means to make such a purchase. The whole estate was put into his hands without any security by his agreeing to pay the debts of his father.

What was paid was nearly all paid out of the proceeds of the farm and stock. As to the fraudulent intent of the father there is abundant proof, and from all the facts and surrounding circumstances we think the evidence clearly shows that the appellant participated in such intent; he was a willing instrument. It is difficult to prove fraud by direct evidence, hence resort must be had to all the circumstances.

The learned Judge who tried the case below had better opportunity to judge of the facts than this court, and unless we could see clearly that he erred we should affirm. After a careful reading of all the evidence we are unable to say that the court below erred.

The decree of the court below is therefore affirmed.

*Decree affirmed.*